**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3183-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SHARIF STEWART,

    Defendant-Appellant.

_____

Submitted October 30, 2023 – Decided November 22, 2023

Before Judges Gilson and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 18-11-0996.

Joseph E. Krakora, Public Defender, attorney for appellant (Brian Plunkett, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Meagan E. Free, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant, Sharif Stewart, appeals from an order denying his petition for post-conviction relief (PCR), arguing the trial court erred in failing to provide him with an evidentiary hearing because there were material facts at issue outside of the record. Having reviewed defendant's arguments in light of the record and applicable principles of law, we affirm substantially for the reasons expressed by the Honorable Mitzy Galis-Menendez, P.J.Cr., in her cogent and well-reasoned twelve-page opinion.

I.

Defendant was arrested on a parole violation and subsequently charged with six offenses: first-degree attempted murder, contrary to N.J.S.A. 2C:5-1 and N.J.S.A 2C:11-3 (count one); second-degree unlawful possession of weapon, contrary to N.J.S.A. 2C:39-5b (count two); second-degree possession of a weapon for an unlawful purpose, contrary to N.J.S.A. 2C:39-4a(1) (count three); fourth-degree possession of a hollow point bullet, contrary to N.J.S.A. 2C:39-3(f) (count four); first-degree unlawful possession of weapon, contrary to N.J.S.A. 2C:39-5(j) (count five); second-degree certain persons not to have a weapon, contrary to N.J.S.A. 2C:39-7(b)(1) (count six). The indictments alleged defendant shot and seriously injured the victim.

A-3183-21

Defendant pleaded guilty to count one, which was amended to second-degree aggravated assault, contrary to N.J.S.A. 2C:12-1b(1). The State dismissed the remaining charges and recommended defendant be sentenced to ten years subject to the No Early Release Act (NERA) [1] and the Graves Act,[2] to run consecutive with any parole violations in accordance with the Graves Act. Defendant's counsel indicated he would argue for the sentence to run concurrent to any parole violations at the sentencing hearing.

At sentencing, defense counsel argued mitigating factors justified a concurrent sentence. The State requested a consecutive sentence, consistent with its plea recommendation. The court analyzed the aggravating and mitigating factors pursuant to State v. Yarbrough and sentenced defendant to ten years, subject to NERA. Relying on defendant's prior convictions for murder and drug-related offenses, the court imposed a consecutive sentence to defendant's parole violation.

On direct appeal, defendant challenged his sentence on the Sentencing Oral Argument ("SOA") calendar, pursuant to Rule 2:9-11. Defendant's

---

[1] N.J.S.A. 2C:43-7.2.

[2] N.J.S.A. 2C:43-6.

A-3183-21

appellate counsel argued the sentence was illegal and defendant was entitled to a concurrent sentence. The SOA panel issued an order affirming the sentence.

Defendant then filed a pro se petition for post-conviction relief (PCR), alleging counsel was ineffective for: (1) failing to properly inform defendant of the details of the plea; (2) failing to properly determine the exact amount of jail credits defendant would be eligible to receive for the time he spent in custody since his arrest;[3] (3) and misinforming him as to the amount of jail credits he would receive for the time he spent in custody since his arrest. In addition, defendant claimed his plea counsel induced him into accepting the plea offer.

At the PCR hearing, Judge Galis-Menendez questioned whether she should entertain arguments regarding sentencing because we had previously affirmed defendant's sentence. Nevertheless, she permitted defendant to proceed with his arguments and addressed each issue he raised substantively. Defendant argued his plea counsel told him the court made representations off-the record, which led him to believe the court would impose a concurrent sentence. Defendant argued there were "backroom discussions" he was not

---

[3] At sentencing, defendant requested his jail credits be applied to the sentence. The court denied jail credits because defendant was serving a parole violation, and he was not legally entitled to time served on a parole detainer.

4

privy to, but relied on assurances from his counsel he would receive a concurrent sentence. Defendant contended an evidentiary hearing was required because there were certain facts not on the record, including representations made by the trial court.

The PCR court denied defendant's petition without an evidentiary hearing. In her written opinion, Judge Galis-Menendez found defendant's claim lacked merit. We agree.

## II.

We review the denial of defendant's petition de novo because there was no PCR evidentiary hearing. State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984) (quoting U.S.

Const. amend. VI); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey).

On petitions brought by a defendant who has entered a guilty plea, defendant satisfies the first Strickland prong if he can show counsel's representation fell short of the prevailing norms of the legal community. Padilla v. Kentucky, 559 U.S. 356, 366-67 (2010). The defendant proves the second prong of Strickland by establishing "a reasonable probability" the defendant "would not have pled guilty," but for counsel's errors. State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)).

Even if unable to obtain immediate relief, a defendant may seek to show an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance claim. State v. Preciose, 129 N.J. 451, 462-63 (1992). The PCR court should grant an evidentiary hearing only where: (1) a defendant is able to prove a prima facie case of ineffective assistance of counsel, (2) there are material issues of disputed fact that must be resolved with evidence outside of the record, and (3) the hearing is necessary to resolve the claims for relief. Preciose, 129 N.J. at 462; R. 3:22-10(b); see State v. Porter, 216 N.J. 343, 354 (2013).

A-3183-21

III.

On appeal, defendant raises the following single issue:

BECAUSE DEFENDANT PRESENTED A PRIMA FACIE CLAIM THAT HE DID NOT RECEIVE THE SENTENCE HE BARGAINED FOR, THE ORDER OF THE [PCR] COURT [] DENYING HIS PCR PETITION WITHOUT A HEARING SHOULD BE REVERSED.

The record is devoid of any promise made to defendant to induce him to accept the plea. The plea agreement form, initialed and signed by defendant prior to defendant pleading guilty, specifically sets forth the State would request any parole violations to run consecutive to defendant's sentence and defendant would request a concurrent sentence. The court confirmed with defendant that he understood these were issues to be decided only after the plea was entered:

> [The State:] . . . The State will be seeking that that sentence run consecutive to any parole violation.
>
> [Defense counsel:] . . . in the plea papers, [we] will be seeking a concurrent sentence for this parole violation.
>
>      . . . .
>
> [The court:] . . . [Defendant], you heard what the attorneys said, sir?
>
> [Defendant:] Yes.

A-3183-21

[The court:] That's your understanding of the plea agreement?

[Defendant:] Yes.

. . . .

[The court:] . . . [Y]ou understand that the State is asking for a consecutive sentence, your attorney is asking for a concurrent. There[ are] questions on what jail credit, if any, you may be entitled to. Those are all issues that will be resolved at sentencing; you understand that?

[Defendant:] Yes.

The record establishes defendant knew the State would request a consecutive sentence at sentencing, and there was a possibility the court would impose a sentence that ran consecutive to his parole violations before he agreed to plead guilty. Counsel presented mitigating factors at sentencing in support of a concurrent sentence, but the court analyzed the mitigating and aggravating factors and imposed the sentence to run consecutive to defendant's parole violation.

To establish a prima facie case of ineffective assistance of counsel, defendant "must do more than make bald assertions" that counsel's performance was substandard. Porter, 216 N.J. at 355 (quoting Cummings, 321 N.J. Super. at 170). "Rather, defendant must allege specific facts and

8

evidence supporting his allegations." Ibid. Viewing the facts in the light most favorable to defendant, he has failed to show his plea "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 687.

Defendant also fails to show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." State v. Harris, 181 N.J. 391, 432 (2004) (quoting Strickland, 466 U.S. at 694). Defendant was facing a sentencing exposure of up to twenty years of incarceration and ultimately plead guilty to a ten-year sentence term. Indeed, on appeal, defendant requests "specific performance," ordering the trial court to uphold his plea and sentence of ten years but amend the sentence to reflect a concurrent sentence.

"[A] defendant is not entitled to an evidentiary hearing if the 'allegations are too vague, conclusory, or speculative.'" Porter, 216 N.J. at 355 (quoting State v. Marshall, 148 N.J. 89, 158 (1997)). Defendant's claim, that he reasonably believed the sentencing court would sentence him to a concurrent sentence, is belied by the record. Defendant's written plea agreement, and his testimony at the plea colloquy, demonstrate the plea agreement did not promise a concurrent sentence. Because defendant fails to demonstrate a

prima facie claim of ineffective assistance of counsel he is not entitled to an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3183-21